FILED

2026 May-21  AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SIDNEY JOHNSON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **2:25-cv-1881-ACA** |
| ] | |
| **JEFFERSON COUNTY SHERIFF**, *et al.*, ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Plaintiff Sidney Johnson filed this lawsuit under 42 U.S.C. § 1983, seeking damages from the sheriff of Jefferson County and two unnamed sheriff's deputies (one male and one female) for violations of the Fourth and Fourteenth Amendment. (Doc. 1 at 2, 5, 8–9). After the magistrate judge granted Mr. Johnson leave to proceed *in forma pauperis*, she reassigned the case to the undersigned. (Docs. 6, 10, 11). The court ordered Mr. Johnson to show cause why it should not (1) dismiss all official capacity claims as barred by the Eleventh Amendment; (2) dismiss the individual capacity claims against the sheriff for failure to state a claim; and (3) strike the deputies in their individual capacities because fictitious party pleading is not permitted in federal court. (Doc. 14). Mr. Johnson responds by opposing the dismissal of any claims and the striking of the fictitious defendants. (Doc. 15).

Although Mr. Johnson opposes the dismissal of his official capacity claims and his individual capacity claims against the sheriff, he does not offer any argument in support of that opposition. (*See id.*). Accordingly, for the reasons set out in the court's show cause order (doc. 14 at 3–6), the court **WILL DISMISS** all official capacity as barred by the Eleventh Amendment and **WILL DISMISS** all individual capacity claims against the sheriff for failure to state a claim **WITHOUT PREJUDICE**.

Mr. Johnson also opposes striking the fictitious defendants. (Doc. 15 at 2). He addresses the two unnamed deputies separately. (*See id.*). The court will begin with the female unnamed deputy. Mr. Johnson contends that he provided enough information about where she was working on the day in question to "mak[e] it a specific position held by certain deputies at that specific time in that specific courtroom and locations." (Doc. 15 at 2). The court disagrees. The question is whether the process server can identify the person based on the position she held. *See Dean v. Barber*, 951 F.2d 1210, 1215 & n.6 (11th Cir. 1992). The Eleventh Circuit has held that a general job title was not adequately specific even where the plaintiff provided the date on which the incident occurred. *See Richardson v. Johnson*, 598 F.3d 734, 736, 738 (11th Cir. 2010). Accordingly, for the reasons set out in the court's show cause order (doc. 14 at 6–7), the court **WILL STRIKE** the female fictitious defendant.

As to the male fictitious defendant, Mr. Johnson states that he provided a proper name in a supplemental pleading. (Doc. 15 at 2). In that pleading, he stated that he did "not know the full names of the John Doe defendants," but that they were working in Judge Stephanie Hunter's courtroom on the day in question, and when he "Google[d] the court, it states that the bailiff's name is Wayne Campbell." (Doc. 5 at 1–2). The court did not read that pleading to state that the male deputy was the bailiff. However, given Mr. Johnson's clarification that the male deputy was working as the bailiff that day, the court will allow Mr. Johnson to file an amended complaint substituting Wayne Campbell for the unnamed male deputy.

In conclusion, the court **WILL DISMISS** all official capacity claims **WITHOUT PREJUDICE** as barred by the Eleventh Amendment; **WILL DISMISS** all individual capacity claims against the sheriff **WITHOUT PREJUDICE** for failure to state a claim; **WILL STRIKE** the female fictitious defendant; and **WILL ALLOW** Mr. Johnson to file an amended complaint substituting Wayne Campbell for the male fictitious defendant. Mr. Johnson's amended complaint is due **on or before June 3, 2026**.

The court **WILL DENY AS MOOT** Mr. Johnson's motion for a default judgment. (Doc. 13).

3

**DONE** and **ORDERED** this May 20, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

4